# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**BARBARA STONE,**
**HELEN STONE,**
**PATTY REID,**
**LANDON REID,**
**LESA MARTINO, and**
**ROLAND THOMAS MARTINO,**

    Plaintiffs,

vs.                                                             Case No. 4:19cv434-RH-CAS

**RONALD DESANTIS, et al.,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This case was initiated on September 5, 2019, with the filing of a "verified emergency complaint and petition for injunction." ECF No. 1. The complaint requested oral argument, *id*. at 2, and had exhibits attached which Plaintiffs intended to be supplemental complaints. ECF No. 1-2. Those supplements presented additional facts and raised additional claims specific to some of the Plaintiffs. *Id.*

In bringing this case, Plaintiffs asserted that "[t]his case is unquestionably the single-most urgent and important matter of the Century in the United States" and they "seek the immediate return of our loved ones who are held as hostages with their assets already in the possession of their captors." ECF No. 1 at 1.  Notwithstanding, Plaintiffs have failed to comply with two Orders of this Court, ECF Nos. 6 and 8, and they have abandoned this litigation.

First, although six named Plaintiffs attempted to litigate this case, only two of them submitted in forma pauperis motions.  ECF Nos. 3-4.  Both motions submitted were incomplete, but the motion filed by Plaintiff Lesa Martino indicated she had a pending bankruptcy case.  If that were so, Plaintiff was directed to consider whether the filing of this case violates the automatic stay provision of 11 U.S.C. § 362(a).  ECF No. 6.  Moreover, the September 9, 2019, Order advised that when multiple Plaintiffs join together for purposes of pursuing one case, then all Plaintiffs must demonstrate their inability to pay the $400.00 filing fee.  *Id.*  Plaintiffs were required to demonstrate their entitlement to in forma pauperis status by October 10, 2019.  ECF No. 6.

Additionally, Plaintiffs were required to submit an amended complaint which complied with the instructions provided. ECF No. 6. Again, the parties had until October 10, 2019, to comply. ECF Nos. 6, 8. Because they have not done so, this case should now be dismissed for failure to prosecute.

The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1. A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009). Because Plaintiffs have failed to prosecute this case, dismissal is now appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on October 31, 2019.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:19cv434-RH-CAS